# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------

SHIVA STEIN,                                              :
                                                          :
        Plaintiff,                             :  Civil Action No. _____
                                                          :
v.                                                        :  **COMPLAINT FOR VIOLATIONS OF**
                                                          :  **SECTIONS 14(a) AND 20(a) OF THE**
BRYN MAWR BANK CORPORATION,                               :  **SECURITIES EXCHANGE ACT OF**
ANDREA F. GILBERT, WENDELL F.                             :  **1934**
HOLLAND, SCOTT MAHALEY JENKINS,                           :
DIEGO F. CALDERIN, FRANCIS J. LETO,                       :  **JURY TRIAL DEMANDED**
BRITTON H. MURDOCH, LYNN B.                               :
MCKEE, MICHAEL J. CLEMENT, A. JOHN                        :
MAY, KEVIN TYLUS, and WSFS                                :
FINANCIAL CORPORATION,                                    :
                                                          :
        Defendants.                            :

---------------------------------------------------------

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against Bryn Mawr Bank Corporation ("Bryn Mawr" or the "Company") and the members of Bryn Mawr's board of directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Bryn Mawr and WSFS Financial Corporation and its affiliates ("WSFS," and collectively with the Company and Individual Defendants, the "Defendants").

2.      Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on April 19, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to the Company's stockholders.   The Registration Statement recommends that the Company's stockholders vote in favor of a proposed transaction whereby Bryn Mawr will merge with and into WSFS, with WSFS as the surviving corporation (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Bryn Mawr stockholder will receive 0.90 of a share of WSFS common stock (the "Merger Consideration").

3.      As discussed below, Defendants have asked Bryn Mawr's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW"), in support of its fairness opinion.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Bryn Mawr's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because WSFS is incorporated and headquartered in this District.

**PARTIES**

9.      Plaintiff is, and has been at all relevant times, the owner of Bryn Mawr stock and has held such stocks since prior to the wrongs complained of herein.

10.      Individual Defendant Andrea F. Gilbert has served as a member of the Board since 2004.

11.      Individual Defendant Wendell F. Holland has served as a member of the Board since 1997.

12.      Individual Defendant Scott Mahaley Jenkins has served as a member of the Board since 2006.

13.      Individual Defendant Diego F. Calderin has served as a member of the Board since 2018.

14.     Individual Defendant Francis J. Leto has served as a member of the Board since 2002 and has been the Company's Chief Executive Officer from 2015, and the President since 2014.

15.     Individual Defendant Britton H. Murdoch has served as a member of the Board since 2006 and has been the Chairman of the Board since 2015.

16.     Individual Defendant Lynn B. McKee has served as a member of the Board since 2013.

17.     Individual Defendant Michael J. Clement has served as a member of the Board since 2015.

18.     Individual Defendant A. John May has served as a member of the Board since 2015.

19.     Individual Defendant Kevin Tylus has served as a member of the Board since 2017.

20.     Defendant Bryn Mawr is a Pennsylvania corporation and maintains its principal offices at 801 Lancaster Avenue, Bryn Mawr, Pennsylvania 19010.  The Company's stock trades on the NASDAQ Stock Exchange under the symbol "BMTC."

21.     Defendant WSFS is a Delaware corporation and maintains its principal offices at WSFS Bank Center, 500 Delaware Avenue, Wilmington, Delaware 19801. WSFS's stock trades on the NASDAQ Stock Exchange under the symbol "WSFS."

22.     The defendants identified in paragraphs 10-19 are collectively referred to as the "Individual Defendants" or the "Board."

23.     The defendants identified in paragraphs 10-21 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A.      **The Proposed Transaction**

24.      Bryn Mawr operates as a bank holding company for The Bryn Mawr Trust Company that provides commercial and retail banking services to individual and business customers.  It operates in two segments, Wealth Management and Banking.  The Company accepts deposit products, including interest-bearing demand accounts, wholesale time deposits, retail time deposits, savings accounts, noninterest-bearing deposits, money market accounts, and wholesale non-maturity deposits.  It also provides commercial mortgages, home equity lines and loans, and residential mortgages, as well as construction, commercial and industrial, and consumer loans; and leasing services.  In addition, the Company offers wealth management services comprising trust administration and other related fiduciary, custody, investment management and advisory, employee benefits and IRA administration, estate settlement, financial planning, and brokerage services, as well as estate administration, retirement planning, and tax planning and preparation services.  Further, it provides insurance and related products and services that include casualty, property, and allied insurance lines, as well as life insurance, annuities, medical insurance, and accident and health insurance for groups and individuals.  Additionally, the Company offers a small-ticket equipment financing service.  It provides its services through 41 banking locations, seven wealth management offices, and two insurance and risk management locations in the Montgomery, Chester, Delaware, Philadelphia, and Dauphin Counties in Pennsylvania; New Castle County in Delaware; and Mercer and Camden Counties in New Jersey.  Bryn Mawr was founded in 1889 and is headquartered in Bryn Mawr, Pennsylvania.

25.      On March 10, 2021, the Company and WSFS jointly announced the Proposed Transaction:

WILMINGTON, Del. and BRYN MAWR, Pa., March 10, 2021 (GLOBE NEWSWIRE) -- WSFS Financial Corporation (NASDAQ: WSFS) and Bryn Mawr Bank Corporation (NASDAQ: BMTC), jointly announced today the signing of a definitive merger agreement whereby Bryn Mawr Bank Corporation ("Bryn Mawr") will merge with WSFS Financial Corporation ("WSFS"), in a transaction valued at approximately $976.4 million. Simultaneously with the merger, The Bryn Mawr Trust Company ("BMT"), the wholly owned subsidiary of Bryn Mawr, will merge into WSFS Bank, a wholly owned subsidiary of WSFS. The combination of two of the high performing, locally-based financial services companies in the Greater Philadelphia and Delaware region solidifies WSFS' position as the preeminent, locally-headquartered bank for this region. With nearly $20 billion in assets and an approximately $43 billion Wealth Management business as of December 31, 2020, WSFS believes that following the merger it will be the only bank in the region with distinct market-share advantages, including market knowledge, local decision-making, a full-service product suite and a balance sheet to compete with larger regional and national banks.

Under the terms of the agreement, stockholders of Bryn Mawr will receive 0.90 of a share of WSFS common stock for each share of Bryn Mawr common stock. The per share value equates to an implied value of $48.55 for Bryn Mawr stockholders based on the closing price of WSFS stock on March 9, 2021.

"This combination aligns with our strategic plan," said Rodger Levenson, WSFS' Chairman, President and CEO. "Combining with Bryn Mawr allows us to accelerate our long-term strategic objectives, including scale to continue to invest in our delivery and talent transformations. This combination also creates the premier wealth management and trust business in the region and the sixth largest bank-affiliated wealth management and trust business nationwide under $100 billion in assets. Together, we are poised and positioned to continue to serve and outperform for all our constituents, and to deliver sustainable high performance for years to come."

Frank Leto, President and CEO of Bryn Mawr, said, "We strongly believe in the value creation by combining with WSFS and enhancing the strengths of our institutions. This is a sound decision for Bryn Mawr, our stockholders, our Clients and the communities we serve. We are combining with WSFS because it is an established institution with deep roots in the region and the utmost focus on doing the right thing for our Clients."

The combination is WSFS' ninth since 2010, including traditional banks and other fee-based businesses in southeastern Pennsylvania and Delaware. WSFS' proven track record of successful integrations, combined with its strong organic growth and purposeful expansion into the Greater Philadelphia region, has resulted in significant community and economic investments.

To continue its commitment to the communities it serves, WSFS is making a $2 million grant to the WSFS Community Foundation to support underserved communities as part of its mission. Both companies' long-standing commitment to serve their communities will remain vital to WSFS' future.

WSFS anticipates consolidating approximately 30% of the combined banking offices due to geographic overlap and optimization opportunities within the network.

WSFS expects pre-tax merger and restructuring costs of approximately $127 million and to achieve annual cost synergies of approximately $73 million, once fully phased in by 2023. The merger is expected to be accretive to WSFS' earnings per share in 2022, excluding the one-time merger and restructuring costs noted above, and 13.4% accretive once all synergies are achieved in 2023, generating an internal rate of return (IRR) of approximately 18.0%.

After closing, Frank Leto, President and CEO of Bryn Mawr, will join the Boards of Directors of WSFS Financial and WSFS Bank along with two mutually agreed upon current directors of Bryn Mawr's Board.

The merger agreement has been approved by the boards of directors of both companies. Closing of the transaction is subject to customary approvals by regulators and stockholders of both companies. Pending those approvals, the transaction is expected to close early in the fourth quarter of 2021.

Piper Sandler & Co. acted as financial advisor to WSFS, and its legal counsel was Covington & Burling LLP. Keefe, Bruyette & Woods, Inc., *A Stifel Company*, acted as financial advisor to Bryn Mawr and its legal counsel was Squire Patton Boggs LLP.

\* \* \*

26.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that Bryn Mawr's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

B.     **The Materially Incomplete and Misleading Registration Statement**

27.     On April 19, 2021, Bryn Mawr and WSFS jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the

Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

28.     The Registration Statement fails to provide material information concerning financial projections by management and relied upon by KBW in its analyses.  The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.  The Registration Statement indicates that in connection with the rendering of its fairness opinion, the management prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and KBW with forming a view about the stand-alone and pro forma valuations.  Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that managements provided to the Board and its financial advisor.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or [] market multiples.  What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

29.     First, the Registration Statement fails to disclose prospective financial information for WSFS.  This information is material as Bryn Mawr shareholders will own 27 percent of the pro forma company after the consummation of the Proposed Transaction.

30.     For the Company Projections, the Registration Statement provides values for net income for 2021 through 2023 and total assets for 2021 through 2023.  The Registration Statement fails to disclose, however, the basis for providing KBW with an estimated long-term annual growth rate of 5% for the Company's net income and balance sheet.

31.     With respect to *WSFS Financial Forecast*, the Registration Statement fails to disclose WSFS's prospective net income and balance sheet and the basis for using an estimated long-term annual growth rate of 6.5% for WSFS's net income and 5.0% for WSFS's balance sheet.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

32.     With respect to KBW's *Bryn Mawr Selected Companies Analysis* and the *WSFS Selected Companies Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by KBW in the analyses.

33.     With respect to KBW's *Selected Transactions Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by KBW in the analysis.

34.     With respect to KBW's *Relative Contribution Analysis*, the Registration Statement fails to disclose: (i) the balance sheet data for WSFS as of December 31, 2020; (ii) the financial and operating forecasts and projections of Bryn Mawr that were provided by Bryn Mawr management; and (iii) the market price information as of March 8, 2021.

35.     With respect to KBW's *Financial Impact Analysis*, the Registration Statement fails to disclose: (i) the closing balance sheet estimates as of September 30, 2021 for WSFS and Bryn

Mawr; (ii) 2021 and 2022 EPS consensus "street estimates" for WSFS and Bryn Mawr; (iii) the assumed long-term growth rates for WSFS and Bryn Mawr as directed by Bryn Mawr management; and (iv) the pro form assumptions discussed with KBW by WSFS management.

36.     With respect to KBW's *Bryn Mawr's Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%; (ii) the implied future excess capital available for dividends that Bryn Mawr could generate over the period from September 30, 2021 through December 31, 2025 as a standalone company; (iii) Bryn Mawr's implied terminal value on December 31, 2025; (iv) the basis for the assumption that Bryn Mawr would maintain a tangible common equity to tangible asset ratio of 8.00%; and (v) the basis for applying a range of 11.0x to 15.0x Bryn Mawr's estimated 2026 earnings to calculate the implied terminal values.

37.     With respect to KBW's *WSFS's Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%; (ii) the implied future excess capital available for dividends that WSFS could generate over the period from September 30, 2021 through December 31, 2025 as a standalone company; (iii) WSFS's implied terminal value on December 31, 2025; (iv) the basis for the assumption that WSFS would maintain a tangible common equity to tangible asset ratio of 8.00%; and (v) the basis for applying a range of 12.0x to 16.0x WSFS's estimated 2026 earnings to calculate the implied terminal values.

38.     With respect to KBW's *Pro Forma Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the pro forma assumptions including estimated cost savings and related expenses, purchase accounting and other merger-related adjustments and restructuring charges; (ii) the inputs and assumptions underlying the discount rates ranging from

10.0% to 14.0%; (iii) the implied future excess capital available for dividends that the pro forma combined entity could generate over the period from September 30, 2021 through December 31, 2025 as a standalone company; (iv) the pro forma combined entity's implied terminal value on December 31, 2025; (v) the basis for the assumption that the pro forma combined entity would maintain a tangible common equity to tangible asset ratio of 8.00%; and (vi) the basis for applying a range of 12.0x to 16.0x the pro forma combined entity's estimated 2026 earnings to calculate the implied terminal values.

39.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

40.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

11

42.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

43.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

44.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.   The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.   Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

45.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and

12

omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate

remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully

protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**COUNT II**

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of
the Exchange Act**

46.      Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

47.      The Individual Defendants acted as controlling persons of Bryn Mawr within the

meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as

directors of Bryn Mawr, and participation in and/or awareness of the Company's operations and/or

intimate knowledge of the incomplete and misleading statements contained in the Registration

Statement filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of Bryn Mawr, including the content and

dissemination of the various statements that Plaintiff contends are materially incomplete and

misleading.

48.      Each of the Individual Defendants was provided with or had unlimited access to

copies of the Registration Statement and other statements alleged by Plaintiff to be misleading

prior to and/or shortly after these statements were issued and had the ability to prevent the issuance

of the statements or cause the statements to be corrected.

49.      In particular, each of the Individual Defendants had direct and supervisory

involvement in the day-to-day operations of Bryn Mawr, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the Exchange Act

violations alleged herein, and exercised the same.  The omitted information identified above was

13

reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

50.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.       Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.       Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.       Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.       Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 21, 2021                                          **RIGRODSKY LAW, P.A.**

                                          By:   */s/ Gina M. Serra*
                                                  Seth D. Rigrodsky (#3147)
                                                  Gina M. Serra (#5387)
                                                  Herbert W. Mondros (#3308)
                                                  300 Delaware Avenue, Suite 210
**OF COUNSEL:**                                   Wilmington, DE 19801
                                                  Telephone: (302) 295-5310
**MELWANI & CHAN LLP**                            Facsimile: (302) 654-7530
Gloria Kui Melwani                                Email: sdr@rl-legal.com
1180 Avenue of the Americas, 8th Fl.              Email: gms@rl-legal.com
New York, NY 10036                                Email: hwm@rl-legal.com
Telephone: (212) 382-4620
Email: gloria@melwanichan.com                     *Attorneys for Plaintiff*